**PHILLIPS DAYES**
NATIONAL EMPLOYMENT LAW FIRM
*A Professional Corporation*

3101 North Central Avenue, Suite 1500
Phoenix, Arizona 85012
Telephone: 1-800-JOB-LAWS
docket@phillipsdayeslaw.com
TREY DAYES, No. 020805
SEAN C. DAVIS, No. 030754
seand@phillipsdayeslaw.com
Direct: (602) 288-1610 ext. 432
Attorneys for Plaintiff

### UNITED STATES DISTRICT COURT

### DISTRICT OF ARIZIONA

| | |
|---|---|
| Andrew Fierros, a married man, | Case No.: _____ |
| Plaintiff, | **COMPLAINT** |
| vs. | **JURY DEMAND** |
| Valley Hospice of Arizona, Inc., an Arizona corporation; Marcus Lewis and Christine Lewis, husband and wife, | |
| Defendants. | |

Plaintiff alleges:

### NATURE OF THE CASE

1. The Fair Labor Standards Act is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage requirements for covered employers. *See* 29 U.S.C. §§ 206(a), 207(a).

2. Employers must compensate employees for all work that employers permit employees to perform. *See* 29 C.F.R. § 785.11. In such cases, it is the responsibility of

employers' management to ensure that work is not performed if management does not desire for such work to be performed. *See* 29 C.F.R. § 785.13. Employers may not accept the benefits of employees performing work without compensating the employees for their work. *Id.*

3. Arizona law also protects employees from employers seeking to pay less than minimum wage.

4. Under Arizona law, employers are required to pay minimum wages, currently set by the State at a rate of $7.90 per hour.

5. An employer who fails to properly pay minimum wages to an employee is liable to the employee in the amount of the wages owed, interest on the unpaid wages, and as damages "an additional amount equal to twice the underpaid wages." A.R.S. § 23-364(G).

6. Plaintiff brings this action against Defendants for unlawful failure to pay minimum wage in direct violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"), and under the Arizona Minimum Wage Act, A.R.S. § 23-362, *et seq.*

7. Plaintiff further seeks to recover unpaid wages and an award of treble damages, including interest thereon, statutory penalties, attorneys' fees and costs pursuant to A.R.S. §23-355 and *inter alia* A.R.S. §12-341.01.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

9. Venue is proper under 28 U.S.C. § 1391(b), because Defendants reside and conduct business within the boundaries of this judicial district, and a significant portion of the events complained of herein occurred in the State of Arizona.

## PARTIES

10. At all times material hereto, Plaintiff was and continues to be a resident of

Arizona.

11. On information and belief, at all times material hereto, Defendant Marcus Lewis and Christine Lewis were and continue to be residents of Maricopa County, Arizona.

12. At all times material hereto, Valley Hospice of Arizona, Inc., was incorporated in the State of Arizona and has its principal places of business at 1130 North Val Vista Drive, Suite 104, Mesa, Arizona 85213.

13. On information and belief, Defendants Marcus Lewis and Christine Lewis are husband and wife, and each engaged in the conduct complained of herein for the benefit of the marital community, which remains liable for the claims made in this Complaint.

14. At all relevant times, Plaintiff was an "employee" of Defendants, as defined by 29 U.S.C. § 203(e)(1) and by A.R.S. § 23-362(A) (Version 2).

15. The provisions set forth in 29 U.S.C. § 207 of the FLSA apply to Defendants.

16. At all relevant times, each Defendant was and continues to be an "employer" as defined in 29 U.S.C. § 203(d) and in A.R.S. § 23-362(B) (Version 2).

17. Each Defendant, including Defendant Lewis, are deemed an "employer" for purposes of the FLSA including, without limitation, 29 U.S.C. § 216 and A.R.S. § 23-362(B) (Version 2).

18. All Defendants are co-equally liable for all matters.

19. On information and belief, Defendant Marcus Lewis made all decisions on the daily activities of their employees and makes all decisions regarding pay policies and exerted financial and operative control over Valley Hospice of Arizona, Inc., as is therefore individually liable under the FLSA.

20. On information and belief, Defendant Marcus Lewis had the power to close Valley Hospice of Arizona, Inc.

21. On information and belief, Defendant Marcus Lewis had the power to hire and fire employees.

22. On information and belief, Defendant Marcus Lewis hired managerial employees.

23. On information and belief, Defendant Marcus Lewis maintained employment records.

24. On information and belief, Defendant Marcus Lewis dictated the corporate message in pending labor investigations.

25. Defendant Marcus Lewis profited from the FLSA violations detailed in this complaint.

26. At all times material to this action, Defendants were and continue to be an "enterprise engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1).

27. Upon information and belief, at all relevant times the annual gross revenue of Defendants exceeded, and continues to exceed, $500,000.00.

## FACTUAL BACKGROUND

28. Defendants hired Plaintiff as a community liaison beginning in February 2014.

29. Plaintiff's responsibilities were to engage in marketing activities for Valley Hospice of Arizona, Inc., by traveling to potential client's locations and marketing its services.

30. The parties agreed to a bi-monthly salary of $55,000 per year plus a gas reimbursement of $0.55 per mile traveled.

31. Plaintiff was paid bi-weekly.

32. Plaintiff's employment with Defendants ceased on March 21, 2014.

33. At the time of the filing of this Complaint, Plaintiff has not received his pay for the pay-period of March 7, 2014-March 21, 2014.

34. At the time of the filing of this Complaint, Plaintiff has not received his entire gas reimbursement.

35. Defendants did not compensate Plaintiff fully for gas reimbursements for the period of February 20, 2014-March 17, 2014.

36. Defendants have not compensated Plaintiff at all for gas reimbursements for the period of March 17, 2014-March 21, 2014.

37. Defendants had no good faith basis to withhold the wages earned by Plaintiff.

38. Defendants' decision to withhold Plaintiff's wages was willful.

39. Plaintiff made demand for said wages, and Defendants led Plaintiff to believe he would receive a check.

40. Plaintiff went to Defendants' offices to pick up the check and he was told that a check was ready for him. But Defendants refused to place the check in Plaintiff's possession.

41. Instead, Defendants placed the check in a file, and set the file on an office desk away from Plaintiff.

42. Plaintiff has yet to be paid.

43. Plaintiff has, as the direct and foreseeable result of Defendants' conduct, entered into an agreement for the payment of attorneys' fees incurred in prosecuting their claims against Defendants.

44. Plaintiff had no managerial responsibilities.

45. Plaintiff had no authority to hire or fire other employees.

46. Plaintiff supervised no other employees.

47. The wages by Defendants failed to meet or exceed the minimum wage required by either the FLSA or by Arizona's Minimum Wage Act, A.R.S. § 23-362, *et seq*.

/ / /

/ / /

## COUNT ONE
## <u>MINIMUM WAGE VIOLATION—29 U.S.C. § 206</u>

48. Plaintiff incorporates and adopts paragraphs 1 through 47 above as if fully set forth herein.

49. Pursuant to 29 U.S.C. § 206, Defendants were required to pay Plaintiff at least the amount of the federal minimum wage, when those wages were due, for each hour Plaintiff worked.

50. Defendants willfully failed and refused to pay Plaintiff at least the amount of the federal minimum wage when those wages were due.

51. Plaintiff is entitled to collect the difference between the wages they received and the wages due, in an amount to be proved at trial, in addition to liquidated damages in the same amount, together with costs, disbursements, and reasonable attorneys' fees, pursuant to 29 U.S.C. § 216(b).

52. Plaintiff has been required to bring this action to recover their federal minimum wages remaining due and unpaid, and his statutory liquidated damages, and as the direct and foreseeable result of Defendants' conduct, Plaintiff has incurred costs and attorneys' fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against Defendants:

    a. Awarding Plaintiff compensation in the amount due for unpaid minimum wages in an amount proved at trial;

    b. Awarding Plaintiff liquidated damages in an amount equal to the award;

    c. Awarding Plaintiff reasonable attorneys' fees, costs, and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

    d. Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts awarded under subsections (a) and (b) above from the date of the

payment due for that pay period until paid in full;

    e.  Awarding Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and

    f.  For such other and further relief as the Court deems just and proper.

### COUNT TWO
### MINIMUM WAGE VIOLATION—A.R.S §§ 23-363, -364

53.    Plaintiff incorporates and adopts paragraphs 1 through 52 above as if fully set forth herein.

54.    Pursuant to A.R.S. § 23-363, Defendants were required to pay at least the amount of the Arizona minimum wage, when those wages were due, for each hour Plaintiff worked.

55.    Defendants willfully failed and refused to pay Plaintiff at least the amount of the Arizona minimum wage when those wages were due.

56.    Plaintiff is entitled to collect the difference between the wages they received and the wages due, over the past two years, in an amount to be proved at trial, together with an additional amount equal to twice the underpaid wages, plus, without limitation, interest, costs, and attorney fees pursuant to A.R.S. § 23-364(G).

57.    Plaintiff has been required to bring this action to recover his Arizona minimum wages remaining due and unpaid, and his statutory damages, and as the direct and foreseeable result of Defendants' conduct, Plaintiff has incurred costs and attorneys' fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor, and against Defendants:

    a.  Awarding Plaintiff compensation in the amount due for unpaid minimum wages in an amount to be proved at trial;

    b.  Awarding Plaintiff an additional amount equal to twice the underpaid wages;

      c. Awarding Plaintiff reasonable attorneys' fees, costs, and expenses of litigation pursuant to A.R.S. § 23-364(G);

      d. Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts awarded under subsections (A) and (B) above from the date of the payment due for that pay period until paid in full;

      e. Awarding Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and

      f. For such other and further relief as the Court deems just and proper.

## COUNT THREE
## FAILURE TO PAY WAGES

58. Plaintiff incorporates and adopts paragraphs 1 through 57 above as if fully set forth herein.

59. On information and belief, Defendants failed to pay Plaintiff "wages," as that term is defined by A.R.S. § 23-350, at Plaintiff' regular rates of pay while Plaintiff were employed by Defendants.

60. Plaintiff is owed his biweekly pay for the pay-period of March 7, 2014-March 21, 2014.

61. Plaintiff is owed gas reimbursement for the period of February 20, 2014-March 17, 2014.

62. Plaintiff is owed gas reimbursement for the period of March 17, 2014-March 21, 2014.

63. Defendants had no good faith basis to withhold the wages earned by Plaintiff.

64. Upon information and belief, Defendants' failure to pay Plaintiff said wages was willful, unreasonable, and in bad faith.

65. Pursuant to A.R.S. §23-355, Plaintiff is entitled to an award of treble the amount

calculated above.

66. Pursuant to, *inter alia,* A.R.S. §12-341.01, Plaintiff is entitled to an award of his attorneys' fees and costs incurred in this action.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against Defendants:

   a. Awarding Plaintiff regular compensation in the amount due to him for all of his time worked for which Defendants provided no compensation while at work for Defendants;

   b. Awarding Plaintiff treble the amounts calculated pursuant to the preceding paragraph;

   c. Awarding Plaintiff reasonable attorneys' fees pursuant to A.R.S. § 12-341.01;

   d. Awarding Plaintiff costs and expenses reasonably incurred in this action;

   e. Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts awarded under subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

   f. Awarding Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and

   g. For such other and further relief as the Court deems just and proper

## COUNT FOUR
## DECLARATORY JUDGMENT

67. Plaintiff incorporates and adopts paragraphs 1 through 66 above as if fully set forth herein.

68. Plaintiff and Defendants have a dispute pending regarding the payment of minimum wages.

69. The Court has jurisdiction to hear Plaintiff's request for declaratory relief

1  pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02.

2      70.    Plaintiff is entitled to declarations, and requests that the Court make declarations

3  as to the following matters and as to other matters deemed appropriate by the Court:

4           a.  Defendants employed Plaintiff.

5           b.  Defendants are engaged in an enterprise covered by the wage provisions of

6              the FLSA.

7           c.  Plaintiff is individually covered by the wage provisions of the FLSA.

8           d.  Plaintiff is entitled to wages at a rate equal to or exceeding the federal

9              minimum wage rate pursuant to 29 U.S.C. § 206.

10          e.  Plaintiff is entitled to wages at a rate equal to or exceeding the Arizona

11             minimum wage rate pursuant to A.R.S. § 23-363.

12          f.  Defendants' failure or refusal to pay minimum wages at the required rates

13             was willful.

14          g.  Plaintiff is entitled to an amount as liquidated damages under the FLSA.

15          h.  Plaintiff is entitled to an additional amount of damages under the Arizona

16             Minimum Wage Act equal to twice the amount of minimum wages not paid

17             by Defendants to Plaintiff.

18          i.  Defendants did not rely on any good faith defense in their failure to abide by

19             the provisions of the FLSA, the Arizona Minimum Wage Act, or the Arizona

20             Wage Act in their failure to pay minimum wages at the required rates and to

21             pay earned wages when they became due.

22          j.  Plaintiff is entitled to recover unpaid minimum wages for a period of three

23             years prior to the filing of this Complaint.

24      71.    It is in the public interest to have these declarations of rights recorded as

25  Plaintiff' declaratory judgment action serves the useful purposes of clarifying and settling the

1 legal relations at issue, preventing future harm, and promoting the remedial purposes of the
2 FLSA.

3     72. The declaratory judgment action further terminates and affords relief from
4 uncertainty, insecurity, and controversy giving rise to the proceeding.

5     WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor
6 against Defendants:

7     a. Declaring that the acts and practices complained of herein are in violation of
8        the minimum wage provisions of the FLSA;
9     b. Awarding Plaintiff his reasonable attorneys' fees and the costs and expenses
10        of the litigation; and
11     c. For such other and further relief as the Court deems just and proper.

12 ## DEMAND FOR JURY TRIAL

13     Plaintiff hereby request that, upon trial of this action, all issues be submitted to and
14 determined by a jury except those issues expressly reserved by law for determination by the
15 Court.

16 Dated: August 8, 2014                  Respectfully submitted,

17                                         **PHILLIPS DAYES NATIONAL**
                                        **EMPLOYMENT LAW FIRM PC**
18
19                                         By  /s/Trey Dayes
                                            Trey Dayes
20                                             treyd@phillipsdayeslaw.com

21                                         Attorneys for Plaintiff